# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

E-FILED
9/14/2022 2:01:25 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV403105
Reviewed By: R. Walker
Envelope: 9963859

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* LANE BRYANT, INC., a Delaware corporation; LANE BRYANT BRANDS OPCO LLC, an Ohio limited liability company; LANE BRYANT #6243, INC., a Florida corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHANIA COLE, individually, and on behalf of other members of the general public similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Santa Clara Superior Court Downtown Superior Court 191 N. First Street, San Jose, California 95113 | CASE NUMBER: *(Número del Caso):* **22CV403105** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Bevin Allen Pike, Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angeles, CA 90067 - Tel. (310) 556-4811

| DATE: *(Fecha)* 9/14/2022 2:01 PM | Clerk of Court | Clerk, by *(Secretario)* | R. Walker | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒☒ on behalf of *(specify):* **LANE BRYANT BRANDS OPCO LLC, an Ohio limited liability company**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |
|---|---|---|

EXHIBIT A - PAGE 2

E-FILED
9/14/2022 2:01 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV403105
Reviewed By: R. Walker

1  Bevin Allen Pike (SBN 221936)
   Bevin.Pike@capstonelawyers.com
2  Daniel S. Jonathan (SBN 262209)
   Daniel.Jonathan@capstonelawyers.com
3  Trisha K. Monesi (SBN 303512)
   Trisha.Monesi@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiff Shania Cole

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF SANTA CLARA

11

                                          **22CV403105**

12  SHANIA COLE, individually, and on          Case No.:
    behalf of other members of the general
13  public similarly situated,                 **CLASS ACTION COMPLAINT**

14              Plaintiff,                      (1) Violation of California Labor Code
                                                    §§ 1182.12, 1194, 1197, 1197.1, and 1198
15      vs.                                         (Unpaid Minimum Wages);
                                                (2) Violation of California Labor Code
16  LANE BRYANT, INC., a Delaware                   §§ 226.7, 512(a), 516, and 1198 (Failure to
    corporation; LANE BRYANT BRANDS                 Provide Meal Periods);
17  OPCO LLC, an Ohio limited liability        (3) Violation of California Labor Code
    company; LANE BRYANT #6243, INC., a            §§ 226.7, 516, and 1198 (Failure to
18  Florida corporation; and DOES 1 through        Authorize and Permit Rest Periods);
    10, inclusive,                             (4) Violation of California Labor Code
19                                                  §§ 226(a), 1174(d), and 1198 (Non-
                                                    Compliant Wage Statements and Failure to
20              Defendants.                          Maintain Payroll Records);
                                                (5) Violation of California Labor Code §§ 201
21                                                  and 202 (Wages Not Timely Paid Upon
                                                    Termination);
22                                             (6) Violation of California Labor Code § 204
                                                    (Failure to Timely Pay Wages During
23                                                  Employment);
                                               (7) Violation of California Business &
24                                                  Professions Code §§ 17200, *et seq.*
                                                    (Unlawful Business Practices); and
25                                             (8) Violation of California Business &
                                                    Professions Code §§ 17200, *et seq.* (Unfair
26                                                  Business Practices)

27                                             **Jury Trial Demanded**

28

1    Plaintiff Shania Cole, individually and on behalf of all other members of the public
2    similarly situated, alleges as follows:

3                          **JURISDICTION AND VENUE**

4    1.    This class action is brought pursuant to California Code of Civil Procedure
5    section 382.  The monetary damages, penalties, and restitution sought by Plaintiff exceed the
6    minimal jurisdiction limits of the Superior Court and will be established according to proof at
7    trial. This Court has jurisdiction over this action pursuant to the California Constitution, Article
8    VI, section 10.  The statutes under which this action is brought do not specify any other basis
9    for jurisdiction.  Plaintiff's share of damages, penalties, and other relief sought in this action
10   does not exceed $75,000.

11   2.    This Court has jurisdiction over Defendants because Defendants are either
12   citizens of California, have sufficient minimum contacts in California, or otherwise
13   intentionally avail themselves of the California market so as to render the exercise of jurisdiction
14   over them by the California courts consistent with traditional notions of fair play and substantial
15   justice.

16   3.    Venue is proper in this Court, because Defendants employ persons in this county,
17   and employed Plaintiff in this county, and thus a substantial portion of the transactions and
18   occurrences related to this action occurred in this county.

19                              **THE PARTIES**

20   4.    Plaintiff Shania Cole is a resident of Aromas, in Monterey County, California.
21   Defendants employed Plaintiff as an hourly paid, non-exempt employee from approximately
22   June 2021 to June 2022.  Plaintiff worked as a Stylist for Defendants at their Lane Bryant and
23   Lane Bryant Outlet stores located at 6955 Camino Arroyo and 8375 Arroyo Circle, in Gilroy,
24   California.  During her employment, Plaintiff typically worked four (4) to six (6) hours per day
25   and three (3) to four (4) days per week.  Plaintiff's primary job duties included, without
26   limitation, greeting customers, assisting customers with shopping needs, cleaning the store,
27   disinfecting fitting rooms, and cashiering.

28   5.    LANE BRYANT, INC. was and is, upon information and belief, a Delaware

1   corporation, and at all times hereinafter mentioned, an employer whose employees are engaged

2   throughout this county and the State of California.

3       6.      LANE BRYANT BRANDS OPCO LLC was and is, upon information and belief,

4   an Ohio limited liability company, and at all times hereinafter mentioned, an employer whose

5   employees are engaged throughout this county and the State of California.

6       7.      LANE BRYANT #6243, INC. was and is, upon information and belief, a Florida

7   corporation, and at all times hereinafter mentioned, an employer whose employees are engaged

8   throughout this county and the State of California.

9       8.      Plaintiff is unaware of the true names or capacities of the Defendants sued herein

10  under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the

11  complaint and serve such fictitiously named Defendants once their names and capacities

12  become known.

13      9.      Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10

14  were the partners, agents, owners, or managers of LANE BRYANT, INC.; LANE BRYANT

15  BRANDS OPCO LLC; and LANE BRYANT #6243, INC. at all relevant times.

16      10.     Plaintiff is informed and believes, and thereon alleges, that each and all of the

17  acts and omissions alleged herein was performed by, or is attributable to, LANE BRYANT,

18  INC.; LANE BRYANT BRANDS OPCO LLC; LANE BRYANT #6243, INC.; and/or DOES 1

19  through 10 (collectively, "Defendants" or "LANE BRYANT"), each acting as the agent,

20  employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-

21  Defendants and was acting within the course and scope of such agency, employment, joint

22  venture, or concerted activity with legal authority to act on the others' behalf.  The acts of any

23  and all Defendants were in accordance with, and represent, the official policy of Defendants.

24      11.     At all relevant times, Defendants, and each of them, ratified each and every act

25  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

26  and abetted the acts and omissions of each and all the other Defendants in proximately causing

27  the damages herein alleged.

28      12.     Plaintiff is informed and believes, and thereon alleges, that each of said

CLASS ACTION COMPLAINT

1 | Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

2 | omissions, occurrences, and transactions alleged herein.

3 |      13.    Under California law, Defendants are jointly and severally liable as employers

4 | for the violations alleged herein because they have each exercised sufficient control over the

5 | wages, hours, working conditions, and employment status of Plaintiff and class members. Each

6 | Defendant had the power to hire and fire Plaintiff and class members, supervised and controlled

7 | their work schedule and/or conditions of employment, determined their rate of pay, and

8 | maintained their employment records. Defendants suffered or permitted Plaintiff and class

9 | members to work and/or "engaged" Plaintiff and class members so as to create a common-law

10 | employment relationship. As joint employers of Plaintiff and class members, Defendants are

11 | jointly and severally liable for the civil penalties and all other relief available to Plaintiff and

12 | class members under the law.

13 |      14.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times,

14 | Defendants, and each of them, have acted as joint employers with respect to Plaintiff and class

15 | members because Defendants have:

16 |          (a)    jointly exercised meaningful control over the work performed by Plaintiff

17 |               and class members;

18 |          (b)    jointly exercised meaningful control over Plaintiff's and class members'

19 |               wages, hours, and working conditions, including the quantity, quality

20 |               standards, speed, scheduling, and operative details of the tasks performed

21 |               by Plaintiff and class members;

22 |          (c)    jointly required that Plaintiff and class members perform work which is

23 |               an integral part of Defendants' businesses; and

24 |          (d)    jointly exercised control over Plaintiff and class members as a matter of

25 |               economic reality in that Plaintiff and class members were dependent on

26 |               Defendants, who shared the power to set the wages of Plaintiff and class

27 |               members and determined their working conditions, and who jointly

28 |               reaped the benefits from the underpayment of their wages and

CLASS ACTION COMPLAINT

1    noncompliance with other statutory provisions governing their
2    employment.

3    15.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times
4    there has existed a unity of interest and ownership between Defendants such that any
5    individuality and separateness between the entities has ceased.

6    16.    LANE BRYANT, INC.; LANE BRYANT BRANDS OPCO LLC; LANE
7    BRYANT #6243, INC.; and DOES 1 through 10 are therefore alter egos of each other.

8    17.    Adherence to the fiction of the separate existence of Defendants would permit an
9    abuse of the corporate privilege, and would promote injustice by protecting Defendants from
10   liability for the wrongful acts committed by them under the name LANE BRYANT.

11   18.    Plaintiff further alleges, upon information and belief, that Defendants LANE
12   BRYANT, INC.; LANE BRYANT BRANDS OPCO LLC; and LANE BRYANT #6243, INC.
13   are alter egos of each other for the following reasons:

14       (a)    According to the most recent "Statement of Information" forms filed with
15              the California Secretary of State, LANE BRYANT, INC. and LANE
16              BRYANT #6243, INC. share common officers including, but not limited
17              to, Gilbert Nathan, who serves as Chief Executive Officer, Secretary, and
18              Chief Financial Officer;

19       (b)    According to the most recent "Statement of Information" forms filed with
20              the California Secretary of State, LANE BRYANT BRANDS OPCO
21              LLC's managers and/or members, Lizanne Kindler and Ralph Schipiani,
22              share the same street address as LANE BRYANT, INC.'s Principal
23              Executive Office of 933 MACARTHUR B[OU]L[E]V[AR]D
24              MAHWAH, NEW JERSEY 07430;

25       (c)    According to the most recent "Statement of Information" forms filed with
26              the California Secretary of State, LANE BRYANT, INC and LANE
27              BRYANT #6243, INC. share the same agent for service of process,
28              "CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS

CLASS ACTION COMPLAINT

1            IN CALIFORNIA AS CSC – LAWYERS INCORPORATING SERVICE";

2            and

3         (d)      On information and belief, LANE BRYANT, INC.; LANE BRYANT

4            BRANDS OPCO LLC; and LANE BRYANT #6243, INC.; utilize the

5            same standardized employment forms and issue the same employment

6            policies.

7                          **GENERAL ALLEGATIONS**

8         19.      Defendants are a women's apparel and intimate specialty retailer focusing on

9 plus-size clothing that own and operate approximately 34 retail store locations in California.

10 Upon information and belief, Defendants maintain a single, centralized Human Resources

11 ("HR") department at their company headquarters in Mahwah, New Jersey, or New Albany,

12 Ohio, which is responsible for the recruiting and hiring of new employees, and communicating

13 and implementing Defendants' company-wide policies, including timekeeping policies and

14 meal and rest period policies, to employees throughout California.

15         20.      In particular, Plaintiff and class members, on information and belief, received

16 the same standardized documents and/or written policies. Upon information and belief, the

17 usage of standardized documents and/or written policies, including new-hire documents,

18 indicate that Defendants dictated policies at the corporate level and implemented them

19 company-wide, regardless of their employees' assigned locations or positions. Upon

20 information and belief, Defendants set forth uniform policies and procedures in several

21 documents provided at an employee's time of hire.

22         21.      Upon information and belief, Defendants maintain a centralized Payroll

23 department at their company headquarters in Mahwah, New Jersey, or New Albany, Ohio,

24 which processes payroll for all non-exempt, hourly paid employees working for Defendants at

25 their various locations and jobsites in California, including Plaintiff and class members. Based

26 upon information and belief, Defendants issue the same formatted wage statements to all non-

27 exempt, hourly paid employees in California, irrespective of their work locations. Upon

28 information and belief, Defendants process payroll for departing employees in the same manner

1  throughout the State of California, regardless of the manner in which each employee's
2  employment ends.

3      22.    Defendants continue to employ non-exempt or hourly paid employees in
4  California.

5      23.    Plaintiff is informed and believes, and thereon alleges, that at all times herein
6  mentioned, Defendants were advised by skilled lawyers and other professionals, employees and
7  advisors knowledgeable about California labor and wage law, employment and personnel
8  practices, and about the requirements of California law.

9      24.    Plaintiff is informed and believes, and thereon alleges, that Plaintiff and class
10  members were not paid for all hours worked because all hours worked were not recorded.

11      25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
12  should have known that Plaintiff and class members were entitled to receive at least minimum
13  wages for compensation and that they were not receiving at least minimum wages for work that
14  was required to be done off-the-clock.  In violation of the California Labor Code, Plaintiff and
15  class members were not paid at least minimum wages for work done off-the-clock.

16      26.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
17  should have known that Plaintiff and class members were entitled to meal periods in accordance
18  with the California Labor Code and applicable IWC Wage Order or payment of one (1)
19  additional hour of pay at their regular rates of pay when they were not provided with timely,
20  uninterrupted, thirty (30) minute meal periods and that Plaintiff and class members were not
21  provided with all meal periods or payment of one (1) additional hour of pay at their regular rates
22  of pay when they did not receive a timely, uninterrupted, thirty (30) minute meal period.

23      27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or
24  should have known that Plaintiff and class members were entitled to rest periods in accordance
25  with the California Labor Code and applicable IWC Wage Order or payment of one (1)
26  additional hour of pay at their regular rates of pay when they were not authorized and permitted
27  to take a compliant rest period.  In violation of the California Labor Code, Plaintiff and class
28  members were not authorized and permitted to take compliant rest periods, nor did Defendants

CLASS ACTION COMPLAINT

1    provide Plaintiff and class members with payment of one (1) additional hour of pay at their

2    regular rates of pay when they were not authorized and permitted to take a compliant rest period.

3        28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

4    should have known that Plaintiff and class members were entitled to receive complete and

5    accurate wage statements in accordance with California law.  In violation of the California

6    Labor Code, Plaintiff and class members were not provided complete and accurate wage

7    statements.

8        29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

9    should have known that they had a duty to maintain accurate and complete payroll records in

10    accordance with the California Labor Code and applicable IWC Wage Order, but willfully,

11    knowingly, and intentionally failed to do so.

12        30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

13    should have known that Plaintiff and class members were entitled to timely payment of all

14    wages earned upon termination of employment.  In violation of the California Labor Code,

15    Plaintiff and class members did not receive payment of all wages due, including, but not limited

16    to, minimum wages and/or meal and rest period premiums, within permissible time periods.

17        31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18    should have known that Plaintiff and class members were entitled to timely payment of wages

19    during their employment. In violation of the California Labor Code, Plaintiff and class members

20    did not receive payment of all wages, including, but not limited to, minimum wages and/or meal

21    and rest period premiums, within permissible time periods.

22        32.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

23    mentioned, Defendants knew or should have known that Defendants had a duty to provide

24    Plaintiff and class members with written notice of the material terms of their employment with

25    Defendants as required by the California Wage Theft Prevention Act, but failed to do so.

26        33.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

27    mentioned, Defendants knew or should have known that they had a duty to compensate Plaintiff

28    and class members for all hours worked, and that Defendants had the financial ability to pay

CLASS ACTION COMPLAINT

EXHIBIT A - PAGE 10

1    such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely

2    represented to Plaintiff and class members that they were properly denied wages, all in order to

3    increase Defendants' profits.

4                              **CLASS ACTION ALLEGATIONS**

5        34.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all

6    other persons similarly situated, and thus seeks class certification under California Code of Civil

7    Procedure section 382.

8        35.    All claims alleged herein arise under California law for which Plaintiff seeks

9    relief authorized by California law.

10       36.    Plaintiff's proposed class consists of and is defined as follows:

11              All persons who worked for Defendants as non-exempt, hourly
                paid employees in California, at any time from February 15, 2020,
12              until the date of trial ("Class").

13       37.    Plaintiff's proposed subclass consists of and is defined as follows:

14              All persons who worked for Defendants as non-exempt, hourly
                paid employees in California and who received at least one wage
15              statement within one (1) year prior to the filing of the initial
                complaint until the date of trial ("Subclass").
16

17       38.    Members of the Class and Subclass are referred to herein as "class members."

18       39.    Plaintiff reserves the right to redefine the Class and Subclass and to add

19   additional subclasses as appropriate based on further investigation, discovery, and specific

20   theories of liability.

21       40.    There are common questions of law and fact as to class members that

22   predominate over questions affecting only individual members, including, but not limited to:

23              (a)    Whether Defendants failed to pay Plaintiff and class members at least

24                     minimum wages for all hours worked;

25              (b)    Whether Defendants failed to provide Plaintiff and class members with

26                     meal periods;

27              (c)    Whether Defendants failed to authorize and permit Plaintiff and class

28                     members to take rest periods;

1         (d)    Whether Defendants provided Plaintiff and class members with complete

2               and accurate wage statements as required by California Labor Code

3               section 226(a);

4         (e)    Whether Defendants maintained accurate payroll records as required by

5               California Labor Code section 1174(d);

6         (f)    Whether Defendants failed to pay earned minimum wages and/or meal

7               and rest period premiums due to Plaintiff and class members upon their

8               discharge;

9         (g)    Whether Defendants failed timely to pay minimum wages and/or meal

10              and rest period premiums due to Plaintiff and class members during their

11              employment;

12         (h)    Whether Defendants failed to provide written notice of information

13              material to Plaintiff's and class members' employment with Defendants;

14         (i)    Whether Defendants engaged in unlawful and unfair business practices in

15              violation of California Business & Professions Code sections 17200, *et*

16              *seq.*; and

17         (j)    The appropriate amount of damages, restitution, or monetary penalties

18              resulting from Defendants' violations of California law.

19     41.    There is a well-defined community of interest in the litigation and the class

20 members are readily ascertainable:

21         (a)    Numerosity:  The class members are so numerous that joinder of all

22              members would be unfeasible and impractical. The membership of the

23              entire class is unknown to Plaintiff at this time; however, the class is

24              estimated to be greater than one hundred (100) individuals and the

25              identity of such membership is readily ascertainable by inspection of

26              Defendants' employment records.

27         (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect

28              the interests of each class member with whom she has a well-defined

CLASS ACTION COMPLAINT

1    community of interest, and Plaintiff's claims (or defenses, if any) are

2    typical of all class members as demonstrated herein.

3    (c)    Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect

4    the interests of each class member with whom she has a well-defined

5    community of interest and typicality of claims, as demonstrated herein.

6    Plaintiff acknowledges that she has an obligation to make known to the

7    Court any relationship, conflicts or differences with any class member.

8    Plaintiff's attorneys, the proposed class counsel, are versed in the rules

9    governing class action discovery, certification, and settlement. Plaintiff

10    has incurred, and throughout the duration of this action, will continue to

11    incur costs and attorneys' fees that have been, are, and will be necessarily

12    expended for the prosecution of this action for the substantial benefit of

13    each class member.

14    (d)    Superiority:    The nature of this action makes the use of class action

15    adjudication superior to other methods.    A class action will achieve

16    economies of time, effort, and expense as compared with separate

17    lawsuits, and will avoid inconsistent outcomes because the same issues

18    can be adjudicated in the same manner and at the same time for the entire

19    class.

20    (e)    Public Policy Considerations:    Employers in the State of California

21    violate employment and labor laws every day.    Current employees are

22    often afraid to assert their rights out of fear of direct or indirect retaliation.

23    Former employees are fearful of bringing actions because they believe

24    their former employers might damage their future endeavors through

25    negative references and/or other means. Class actions provide the class

26    members who are not named in the complaint with a type of anonymity

27    that allows for the vindication of their rights while simultaneously

28    protecting their privacy.

CLASS ACTION COMPLAINT

**FIRST CAUSE OF ACTION**

**Violation of California Labor Code §§ 1182.12, 1194, 1197, 1197.1, and 1198—Unpaid**

**Minimum Wages**

**(Against all Defendants)**

42.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each and every allegation set forth above.

43.    At all relevant times, California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a wage less than the minimum so fixed is unlawful.  Compensable work time is defined in IWC Wage Order No. 7-2001 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."  Cal. Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

44.    First, Defendants had, and continue to have, a company-wide security policy and/or practice for closing shifts, requiring employees to leave the store premises together in pairs and/or groups.  After clocking out at the end of their shifts, Plaintiff and class members were required to wait for all other employees to complete their own duties before they were released by a managerial employee and could leave Defendants' premises together.  For example, Plaintiff would often clock out and then have to wait until her supervisor had completed her own closing duties, before being released and able to leave the premises.  As a result, Plaintiff and class members were subject to Defendants' control after they had clocked out for their shifts, but were not compensated for this time.

45.    Second, Defendants, on a company-wide basis, had a policy of requiring employees to undergo mandatory security checks when exiting the premises, either for loss prevention or safety purposes.  As a result of Defendants' policy, Plaintiff and class members were required to undergo security screenings after clocking out at the end of a shift or at the beginning of a meal period before Defendants permitted them to leave the premises.  For example, before Plaintiff was permitted to leave the premises for her meal period and at the end

1   of her shift, Plaintiff was required to wait several minutes off-the-clock for her supervisor to

2   check her bag, sometimes having to wait for her supervisor to become available to perform the

3   security check. Although Defendants' requirement that Plaintiff and class members undergo

4   security checks was mandatory, Defendants did not compensate them for the time they spent

5   off-the-clock before and after shifts or during unpaid meal periods, undergoing these checks

6   while under Defendants' control.

7        46.    Third, Defendants had, and continue to have, a company-wide policy and/or

8   practice of understaffing their stores while assigning heavy workloads. Because Defendants

9   did not employ or staff a sufficient number of employees to meet customer demand, there was

10   no one available to relieve employees needing meal period coverage, and Plaintiff and class

11   members were not always afforded uninterrupted 30-minute meal periods during shifts when

12   they were entitled to receive a meal period. Furthermore, Defendants had a company-wide

13   practice of failing to schedule meal periods and/or adhere to a schedule of meal periods, which

14   further caused Plaintiff and class members to not be relieved of their duties for compliant meal

15   periods. Consequently, Plaintiff and class members were required to work through and/or had

16   their unpaid meal periods interrupted in order to complete their assigned duties and handle

17   customer demand, time for which they were not paid.

18        47.    Fourth, in conjunction with understaffing their stores, Defendants had a

19   company-wide practice and/or policy of requiring that Plaintiff and class members carry and

20   respond to company-issued radios at all times, including during meal periods. For example,

21   Plaintiff would often have her meal periods interrupted and/or shortened to answer questions on

22   her company-issued radio from Defendants' managers regarding store merchandise.

23   Defendants knew or should have known that Plaintiff and class members were performing work

24   while off-the-clock in order to meet Defendants' expectations, but failed to compensate them

25   for this time.

26        48.    Thus, Defendants did not pay minimum wages for all hours worked by Plaintiff

27   and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1,

28   and 1198.

1    49.    Defendants' failure to pay Plaintiff and class members minimum wages violates

2  California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.  Pursuant to California

3  Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated

4  damages in an amount equal to the wages unlawfully unpaid and interest thereon.

5                                    **SECOND CAUSE OF ACTION**

6      **Violations of California Labor Code, §§ 226.7, 512(a), 516, and 1198—Meal Period**

7                                                  **Violations**

8                                          **(Against all Defendants)**

9    50.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

10  and every allegation set forth above.

11    51.    At all relevant times herein set forth, California Labor Code section 512(a)

12  provides that an employer may not require, cause, or permit an employee to work for a period

13  of more than five (5) hours per day without providing the employee with a meal period of not

14  less than thirty (30) minutes, except that if the total work period per day of the employee is not

15  more than six (6) hours, the meal period may be waived by mutual consent of both the employer

16  and the employee.  Under California law, first meal periods must start after no more than five

17  hours.  *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1041-1042 (2012).

18    52.    At all relevant times herein set forth, California Labor Code sections 226.7,

19  512(a), 516, and 1198 provide that no employer shall require an employee to work during any

20  meal period mandated by an applicable order of the IWC.

21    53.    At all relevant times herein set forth, Labor Code sections 226.7 and 512(a), and

22  the applicable IWC Wage Order also require employers to provide a second meal period of not

23  less than thirty (30) minutes if an employee works over ten (10) hours per day or to pay an

24  employee one (1) additional hour of pay at the employee's regular rate, except that if the total

25  hours worked is no more than twelve (12) hours, the second meal period may be waived by

26  mutual consent of the employer and the employee only if the first meal period was not waived.

27    54.    First, as stated, Defendants had, and continue to have, a loss prevention and/or

28  safety policy requiring employees to undergo mandatory security checks by a supervisor when

1    exiting the premises. As result of Defendants' policy, Plaintiff and class members were required

2    to undergo security screenings when exiting the premises after clocking out for their meal

3    periods. For example, as stated above, Plaintiff was required to wait several minutes per meal

4    period for her supervisor to check her bag while off-the-clock, sometimes having to wait for her

5    supervisor to become available to perform the security check. Thus, Plaintiff's and class

6    members' meal periods were shortened due to Defendants' mandatory security checks.

7        55.    Second, as stated, Defendants had, and continue to have, a company-wide policy

8    and/or practice of understaffing their stores while assigning heavy workloads, which has

9    resulted in a failure to provide Plaintiff and class members with adequate meal period coverage.

10   Defendants also had a practice of failing to schedule and/or adhere to a schedule for meal

11   periods, which further caused Plaintiff and class members to not be relieved of their duties for

12   compliant meal periods. Moreover, as stated, Defendants had a company-wide policy and/or

13   practice of requiring that Plaintiff and class members carry a company-issued radio to respond

14   to requests at all times, including during meal periods.

15       56.    As a result, Plaintiff and class members were forced to work in excess of five (5)

16   hours before taking a meal period and, at times, had their meal periods interrupted, and/or had

17   to forgo their meal periods altogether. For example, Plaintiff was required to take her meal

18   period late, after the end of her fifth hour of work, in order to meet customer demand and finish

19   her assigned duties.

20       57.    At all times mentioned herein, Defendants knew or should have known that as a

21   result of their policies, Plaintiff and class members were not actually relieved of all duties to

22   take timely, uninterrupted meal periods. Defendants further knew or should have known that

23   they did not pay Plaintiff and class members all meal period premiums when meal periods were

24   late, interrupted, shortened, or missed.

25       58.    Moreover, on information and belief, Defendants engaged in a company-wide

26   practice and/or policy of not paying all meal period premiums owed when compliant meal

27   periods are not provided. Because of this practice and/or policy, Plaintiff and class members

28   have not received premium pay for missed, late, and interrupted meal periods. As a result,

1 | Defendants failed to provide Plaintiff and class members compliant meal periods in violation of
2 | California Labor Code sections 226.7, 512(a), and 516 and failed to pay the full meal period
3 | premiums due.

4 |    59. Defendants' conduct violates the applicable IWC Wage Order, and California
5 | Labor Code sections 226.7, 512(a), 516, and 1198. Plaintiff and class members are therefore
6 | entitled to recover from Defendants one (1) additional hour of pay at the employee's regular
7 | rate of compensation for each work day that the meal period was not provided.

8 | **THIRD CAUSE OF ACTION**

9 | **Violation of California Labor Code §§ 226.7, 516, and 1198—Rest Period Violations**
10 | **(Against all Defendants)**

11 |    60. Plaintiff incorporates by reference and re-alleges as if fully stated herein each
12 | and every allegation set forth above.

13 |    61. At all relevant times herein set forth, the applicable IWC Wage Order and
14 | California Labor Code sections 226.7, 516, and 1198 were applicable to Plaintiff's and class
15 | members' employment by Defendants.

16 |    62. At all relevant times, the applicable IWC Wage Order provides that "[e]very
17 | employer shall authorize and permit all employees to take rest periods, which insofar as
18 | practicable shall be in the middle of each work period" and that the "rest period time shall be
19 | based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)
20 | hours or major fraction thereof" unless the total daily work time is less than three and one-half
21 | (3 ½) hours.

22 |    63. At all relevant times, California Labor Code section 226.7 provides that no
23 | employer shall require an employee to work during any rest period mandated by an applicable
24 | order of the California IWC. To comply with its obligation to authorize and permit rest periods
25 | under California Labor Code section 226.7 and the applicable IWC Wage Order, an employer
26 | must "relinquish any control over how employees spend their break time, and relieve their
27 | employees of all duties—including the obligation that an employee remain on call. A rest
28 | period, in short, must be a period of rest." *Augustus v. ABM Security Services, Inc.*, 2 Cal. 5th

1    257, 269-270 (2016). Pursuant to the applicable IWC Wage Order and California Labor Code

2    section 226.7(c), Plaintiff and class members are entitled to recover from Defendants one (1)

3    additional hour of pay at their regular rates of pay for each work day that a required rest period

4    was not authorized and permitted.

5         64.    During the relevant time period, Defendants regularly failed to authorize and

6    permit Plaintiff and class members to take a ten (10) minute rest period per each four (4) hour

7    period worked or major fraction thereof. As with meal periods, Defendants' company-wide

8    practices of understaffing while assigning heavy workloads, and their requirement that

9    employees carry a company-issued radio at all times, including during rest periods, prevented

10   Plaintiff and class members from being relieved of all duty to take rest periods. Additionally,

11   Defendants failed to schedule rest periods, which, coupled with Defendants' failure to provide

12   adequate rest period coverage, further led to Plaintiff and class members not being authorized

13   and permitted to take rest periods.

14        65.    Furthermore, upon information and belief, Defendants maintained and

15   implemented a company-wide on-premises rest period policy, which mandated that Plaintiff and

16   class members remain on the premises during their rest periods. Because Plaintiff and class

17   members were restricted from leaving Defendants' premises during rest periods, they were

18   denied the ability to use their rest periods freely for their own purposes, such as completing

19   personal errands. Thus, Defendants effectively maintained control over Plaintiff and class

20   members during rest periods.

21        66.    As a result of Defendants' practices and policies, Plaintiff and class members

22   worked shifts in excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without

23   receiving all uninterrupted 10-minute rest periods to which they were entitled. For example,

24   Plaintiff had to forego her rest periods because of the heavy workload. When Plaintiff was able

25   to take her rest periods, they were interrupted by her supervisor on her company-issued radio.

26        67.    Defendants have also engaged in a company-wide practice and/or policy of not

27   paying all rest period premiums owed when compliant rest periods are not authorized and

28   permitted. Because of this practice and/or policy, Plaintiff and class members have not received

1  premium pay for all missed rest periods. As a result, Defendants denied Plaintiff and class
2  members rest periods and failed to pay them rest period premiums due, in violation of Labor
3  Code sections 226.7 and 516, and the applicable IWC Wage Order.

4    68.    Defendants' conduct violates the applicable IWC Wage Order and California
5  Labor Code sections 226.7, 516, and 1198. Plaintiff and class members are therefore entitled
6  to recover from Defendants one (1) additional hour of pay at the employee's regular rate of
7  compensation for each work day that a compliant rest period was not authorized and permitted.

8                              **FOURTH CAUSE OF ACTION**

9  **Violation of California Labor Code §§ 226(a), 1174(d), and 1198—Non-Compliant Wage**

10                **Statements and Failure to Maintain Accurate Payroll Records**

11                              **(Against all Defendants)**

12    69.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each
13  and every allegation set forth above.

14    70.    At all relevant times herein set forth, California Labor Code section 226(a)
15  provides that every employer shall furnish each of his or her employees an accurate and
16  complete itemized wage statement in writing, including, but not limited to, the name and address
17  of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked,
18  and all applicable rates of pay.

19    71.    At all relevant times, Defendants have knowingly and intentionally provided
20  Plaintiff and Subclass members with uniform, incomplete, and inaccurate wage statements. For
21  example, Defendants issued uniform wage statements to Plaintiff and Subclass members that
22  fail to correctly list: gross wages earned; total hours worked; net wages earned; and all
23  applicable hourly rates in effect during the pay period and the corresponding number of hours
24  worked at each hourly rate. Specifically, Defendants violated sections 226(a)(1), 226(a)(2),
25  226(a)(5), and 226(a)(9).

26    72.    Because Defendants did not record the time Plaintiff and Subclass members spent
27  working off the clock, Defendants did not list the correct amount of gross wages and net wages
28  earned by Plaintiff and Subclass members in compliance with sections 226(a)(1) and 226(a)(5).

CLASS ACTION COMPLAINT

1   For the same reason, Defendants failed to accurately list the total number of hours worked by

2   Plaintiff and Subclass members, in violation of section 226(a)(2), and failed to list the applicable

3   hourly rates of pay in effect during the pay period and the corresponding accurate number of

4   hours worked at each hourly rate, in violation of section 226(a)(9).

5       73.    The wage statement deficiencies also include, among other things, failing to list

6   the number of piece-rate units earned and any applicable piece rate if the employee is paid on a

7   piece-rate basis; failing to list all deductions; failing to list the inclusive dates of the period for

8   which employees were paid; failing to list the name of the employee and only the last four digits

9   of his or her social security number or an employee identification number other than a social

10  security number; failing to list the name and address of the legal entity that is the employer;

11  and/or failing to state all hours worked as a result of not recording or stating the hours they

12  worked off-the-clock.  In addition, Defendants failed to provide Plaintiff and class members the

13  option to elect to receive hard copies of their wage statements at any time and/or failed to

14  provide them with the ability to easily access the information and convert the wage statements

15  into hard copies at no expense to them.

16      74.    California Labor Code section 1174(d) provides that "[e]very person employing

17  labor in this state shall . . . [k]eep a record showing the names and addresses of all employees

18  employed and the ages of all minors" and "[k]eep, at a central location in the state or at the

19  plants or establishments at which employees are employed, payroll records showing the hours

20  worked daily by and the wages paid to, and the number of piece-rate units earned by and any

21  applicable  piece  rate  paid  to,  employees  employed  at  the  respective  plants  or

22  establishments. . . ."  At all relevant times, and in violation of Labor Code section 1174(d),

23  Defendants willfully failed to maintain accurate payroll records for Plaintiff and Subclass

24  members showing the daily hours they worked and the wages paid thereto as a result of failing

25  to record the off-the-clock hours that they worked.

26      75.    California Labor Code section 1198 provides that the maximum hours of work

27  and the standard conditions of labor shall be those fixed by the Labor Commissioner and as set

28  forth in the applicable IWC Wage Order.  Section 1198 further provides that "[t]he employment

1  of any employees for longer hours than those fixed by the order or under conditions of labor

2  prohibited by the order is unlawful." Pursuant to the applicable IWC Wage Order, employers

3  are required to keep accurate time records showing when the employee begins and ends each

4  work period and meal period. During the relevant time period, Defendants engaged in company-

5  wide practices and/or policies of failing to record actual hours worked and thereby failed, on a

6  company-wide basis, to keep accurate records of work period and meal period start and stop

7  times for Plaintiff and Subclass members, in violation of section 1198.

8        76.    Plaintiff and Subclass members are entitled to recover from Defendants the

9  greater of their actual damages caused by Defendants' failure to comply with California Labor

10  Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

11  employee.

12                              **FIFTH CAUSE OF ACTION**

13        **Violation of California Labor Code §§ 201 and 202—Wages Not Timely Paid Upon**

14                                    **Termination**

15                             **(Against all Defendants)**

16        77.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

17  and every allegation set forth above.

18        78.    At all times relevant herein set forth, Labor Code sections 201 and 202 provide

19  that if an employer discharges an employee, the wages earned and unpaid at the time of

20  discharge are due and payable immediately, and that if an employee voluntarily leaves his or

21  her employment, his or her wages shall become due and payable not later than seventy-two (72)

22  hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his

23  or her intention to quit, in which case the employee is entitled to his or her wages at the time of

24  quitting.

25        79.    On information and belief, Defendants had a company-wide practice or policy of

26  paying departing employees their final wages on the next regular pay cycle, instead of adhering

27  to the time requirements set forth in Labor Code sections 201 and 202. For example, Plaintiff

28  voluntarily resigned on or about June 27, 2022, however, Defendants did not provide Plaintiff

CLASS ACTION COMPLAINT

EXHIBIT A - PAGE 22

1    with her final paycheck until July 6, 2022.  Thus, Defendants failed to pay Plaintiff her final

2    wages within (72) hours from the time she resigned, in violation of Labor Code section 202.

3        80.    Additionally, Defendants willfully failed to pay Plaintiff and class members who

4    are no longer employed by Defendants the earned and unpaid wages set forth above, including

5    but not limited to,  minimum wages and/or meal and rest period premiums, either at the time of

6    discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

7        81.    Defendants' failure to pay Plaintiff and class members who are no longer

8    employed by Defendants their wages earned and unpaid at the time of discharge, or within

9    seventy-two (72) hours of their leaving Defendants' employ, violates Labor Code sections 201

10    and 202.  Plaintiff and class members are therefore entitled to recover from Defendants the

11    statutory penalty wages for each day they were not paid, at their regular rate of pay, up to a

12    thirty (30) day maximum pursuant to California Labor Code section 203.

13                          **SIXTH CAUSE OF ACTION**

14    **Violation of California Labor Code § 204—Failure to Timely Pay Wages During**

15                                **Employment**

16                            **(Against all Defendants)**

17        82.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

18    and every allegation set forth above.

19        83.    This cause of action is dependent upon, and wholly derivative of, the minimum

20    wages and/or meal and rest period premiums that were not timely paid to Plaintiff and class

21    members during their employment.

22        84.    At all times relevant herein set forth, Labor Code section 204 provides that all

23    wages earned by any person in any employment between the first (1st) and the fifteenth (15th)

24    days, inclusive, of any calendar month, other than those wages due upon termination of an

25    employee, are due and payable between the sixteenth (16th) and the twenty-sixth (26th) day of

26    the month during which the labor was performed.

27        85.    At all times relevant herein, Labor Code section 204 provides that all wages

28    earned by any person in any employment between the sixteenth (16th) and the last day,

CLASS ACTION COMPLAINT

EXHIBIT A - PAGE 23

1    inclusive, of any calendar month, other than those wages due upon termination of an employee,

2    are due and payable between the first (1st) and the tenth (10th) day of the following month.

3          86.     At all times relevant herein, Labor Code section 204 provides that all wages

4    earned for labor in excess of the normal work period shall be paid no later than the payday for

5    the next regular payroll period. Alternatively, at all times relevant herein, Labor Code section

6    204 provides that the requirements of this section are deemed satisfied by the payment of wages

7    for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven (7)

8    calendar days following the close of the payroll period.

9          87.     During the relevant time period, Defendants willfully failed to pay Plaintiff and

10    class members all wages due including, but not limited to, minimum wages and/or meal and rest

11    period premiums within the time periods specified by California Labor Code section 204.

12          88.     Defendants' failure to pay Plaintiff and class members all wages due violates

13    Labor Code section 204. Plaintiff and class members are therefore entitled to recover from

14    Defendants the statutory penalty wages pursuant to California Labor Code section 210.

15                             **SEVENTH CAUSE OF ACTION**

16       **Violation of California Business & Professions Code §§ 17200, *et seq.* –**

17                          **Unlawful Business Practices**

18                            **(Against all Defendants)**

19          89.     Plaintiff incorporates by reference and re-alleges as if fully stated herein each

20    and every allegation set forth above.

21          90.     Defendants are "persons" as defined by California Business & Professions Code

22    sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or

23    associations.

24          91.     Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

25    unlawful and harmful to Plaintiff, class members, and to the general public. Plaintiff has

26    suffered injury in fact and has lost money as a result of Defendants' unlawful business practices.

27    Plaintiff seeks to enforce important rights affecting the public interest within the meaning of

28    Code of Civil Procedure section 1021.5.

92.     Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

93.     A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to pay at least minimum wage to Plaintiff and class members in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage Order, as alleged herein;

(b)     Failing to provide uninterrupted meal periods to Plaintiff and class members in violation of California Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(c)     Failing to authorize and permit Plaintiff and class members to take uninterrupted rest periods in violation of California Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order, as alleged herein;

(d)     Failing to provide Plaintiff and class members with accurate wage statements and failing to maintain accurate payroll records in violation of California Labor Code sections 226(a), 1174(d), and 1198, and the applicable IWC Wage Order, as alleged herein;

(e)     Failing timely to pay all earned wages to Plaintiff and class members in violation of California Labor Code section 204, as alleged herein; and

(f)     Failing to provide written notice of information material to Plaintiff's and class members' employment with Defendants in violation of California Labor Code section 2810.5(a)(1)(A)-(C), as set forth below.

94.     At all relevant times herein, California's Wage Theft Prevention Act was enacted to ensure that employers provide employees with basic information material to their employment relationship at the time of hiring, and to ensure that employees are given written

1 │ and timely notice of any changes to basic information material to their employment. Codified

2 │ at California Labor Code section 2810.5, the Wage Theft Prevention Act provides that at the

3 │ time of hiring, an employer must provide written notice to employees containing basic and

4 │ material payroll information, including, among other things, the rate(s) of pay and basis thereof,

5 │ whether paid by the hour, shift, day, week, salary, piece, commission, or otherwise, including

6 │ any rates for overtime, the regular payday designated by the employer, and any allowances

7 │ claims as part of the minimum wage, including meal or lodging allowances. Labor Code

8 │ § 2810.5(a)(1)(A)-(C).

9 │      95.    At all relevant times, on information and belief, Defendants failed, on a

10 │ company-wide basis, to provide written notice to Plaintiff and class members that lists the

11 │ requisite information set forth in Labor Code section 2810.5(a)(1)(A)-(C). Defendants' failure

12 │ to provide Plaintiff and class members with written notice of basic information regarding their

13 │ employment with Defendants is in violation of California Labor Code section 2810.5.

14 │      96.    As a result of the violations of California law herein described, Defendants

15 │ unlawfully gained an unfair advantage over other businesses. Plaintiff and class members have

16 │ suffered pecuniary loss by Defendants' unlawful business acts and practices alleged herein.

17 │      97.    Pursuant to California Business & Professions Code sections 17200, *et seq.*,

18 │ Plaintiff and class members are entitled to restitution of the wages withheld and retained by

19 │ Defendants during a period that commences four years prior to the filing of this complaint; a

20 │ permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

21 │ class members; and an award of attorneys' fees pursuant to California Code of Civil Procedure

22 │ section 1021.5 and other applicable laws; and an award of costs.

23 │ **EIGHTH CAUSE OF ACTION**

24 │ **Violation of California Business & Professions Code §§ 17200, *et seq.* –**

25 │ **Unfair Business Practices**

26 │ **(Against all Defendants)**

27 │      98.    Plaintiff incorporates by reference and re-alleges as if fully stated herein each

28 │ and every allegation set forth above.

1    99.    Defendants are "persons" as defined by California Business & Professions Code
2    sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or
3    associations.

4    100.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and
5    harmful to Plaintiff, class members, and to the general public.  Plaintiff has suffered injury in
6    fact and has lost money as a result of Defendants' unfair business practices.  Plaintiff seeks to
7    enforce important rights affecting the public interest within the meaning of Code of Civil
8    Procedure section 1021.5.

9    101.    Defendants' activities, namely Defendants' company-wide practice and/or policy
10   of not paying Plaintiff and class members meal and rest period premiums due to them under
11   Labor Code section 226.7, deprived Plaintiff and class members of the compensation guarantee
12   and enhanced enforcement implemented by section 226.7.  The statutory remedy provided by
13   section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and
14   secondarily to shape employer conduct." *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th
15   1138, 1149 (2015).  The statutory benefits of section 226.7 were guaranteed to Plaintiff and
16   class members as part of their employment with Defendants, and thus Defendants' practice
17   and/or policy of denying these statutory benefits constitutes an unfair business practice in
18   violation of California Business & Professions Code sections 17200, *et seq.*  (*Id.*)

19   102.    A violation of California Business & Professions Code sections 17200, *et seq.*
20   may be predicated on any unfair business practice.  In the instant case, Defendants' policies and
21   practices have violated the spirit of California's meal and rest period laws and constitute acts
22   against the public policy behind these laws.  Pursuant to California Business & Professions
23   Code sections 17200, *et seq.*, Plaintiff and class members are entitled to restitution for the class-
24   wide loss of the statutory benefits implemented by section 226.7 withheld and retained by
25   Defendants during a period that commences four years prior to the filing of this complaint; a
26   permanent injunction requiring Defendants to pay all statutory benefits implemented by section
27   226.7 due to Plaintiff and class members; an award of attorneys' fees pursuant to California
28   Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

CLASS ACTION COMPLAINT

1

**REQUEST FOR JURY TRIAL**

2      Plaintiff requests a trial by jury.

3

**PRAYER FOR RELIEF**

4      Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against

5  Defendants, jointly and severally, as follows:

6      1.      For damages, unpaid wages, penalties, injunctive relief, and attorneys' fees in

7  excess of twenty-five thousand dollars ($25,000), exclusive of interest and costs.  Plaintiff

8  reserves the right to amend her prayer for relief to seek a different amount.

9

**Class Certification**

10      2.      That this case be certified as a class action;

11      3.      That Plaintiff be appointed as the representative of the Class and Subclass;

12      4.      That counsel for Plaintiff be appointed as class counsel.

13

**As to the First Cause of Action**

14      5.      That the Court declare, adjudge and decree that Defendants violated California

15  Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198, and the applicable IWC Wage

16  Order by willfully failing to pay minimum wages to Plaintiff and class members;

17      6.      For general unpaid wages and such general and special damages as may be

18  appropriate;

19      7.      For pre-judgment interest on any unpaid compensation from the date such

20  amounts were due, or as otherwise provided by law;

21      8.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

22  California Labor Code section 1194(a);

23      9.      For liquidated damages pursuant to California Labor Code section 1194.2; and

24      10.      For such other and further relief as the Court may deem equitable and

25  appropriate.

26

**As to the Second Cause of Action**

27      11.      That the Court declare, adjudge, and decree that Defendants violated California

28  Labor Code sections 226.7, 512(a), 516, and 1198, and the applicable IWC Wage Order by

1  willfully failing to provide all meal periods to Plaintiff and class members;

2      12.    That the Court make an award to the Plaintiff and class members of one (1) hour

3  of pay at each employee's regular rate of pay for each workday that a meal period was not

4  provided;

5      13.    For all actual, consequential, and incidental losses and damages, according to

6  proof;

7      14.    For premiums pursuant to California Labor Code section 226.7(c);

8      15.    For pre-judgment interest on any unpaid meal period premiums from the date

9  such amounts were due, or as otherwise provided by law;

10     16.    For attorneys' fees pursuant to California Code of Civil Procedure section

11  1021.5, or as otherwise provided by law; and

12     17.    For such other and further relief as the Court may deem equitable and

13  appropriate.

14                     **As to the Third Cause of Action**

15     18.    That the Court declare, adjudge and decree that Defendants violated California

16  Labor Code sections 226.7, 516, and 1198, and the applicable IWC Wage Order by willfully

17  failing to authorize and permit Plaintiff and class members to take all rest periods;

18     19.    That the Court make an award to the Plaintiff and class members of one (1) hour

19  of pay at each employee's regular rate of pay for each workday that a rest period was not

20  authorized and permitted;

21     20.    For all actual, consequential, and incidental losses and damages, according to

22  proof;

23     21.    For premiums pursuant to California Labor Code section 226.7(c);

24     22.    For pre-judgment interest on any unpaid rest period premiums from the date such

25  amounts were due, or as otherwise provided by law;

26     23.    For attorneys' fees pursuant to California Code of Civil Procedure section

27  1021.5, or as otherwise provided by law; and

28     24.    For such other and further relief as the Court may deem equitable and

1  appropriate.

2  **As to the Fourth Cause of Action**

3      25.     That the Court declare, adjudge and decree that Defendants violated the

4  recordkeeping provisions of California Labor Code section 226(a) and the applicable IWC

5  Wage Order as to Plaintiff and Subclass members, and willfully failed to provide accurate

6  itemized wage statements thereto;

7      26.     For all actual, consequential, and incidental losses and damages, according to

8  proof;

9      27.     For injunctive relief pursuant to California Labor Code section 226(h);

10     28.     For statutory penalties pursuant to California Labor Code section 226(e);

11     29.     For attorneys' fees and costs pursuant to California Labor Code section

12  226(e)(1); and

13     30.     For such other and further relief as the Court may deem equitable and

14  appropriate.

15  **As to the Fifth Cause of Action**

16     31.     That the Court declare, adjudge and decree that Defendants violated California

17  Labor Code sections 201 and 202 by willfully failing to pay minimum wages and/or meal and

18  rest period premiums owed at the time of termination of the employment of Plaintiff and other

19  terminated class members;

20     32.     For all actual, consequential and incidental losses and damages, according to

21  proof;

22     33.     For waiting time penalties according to proof pursuant to California Labor Code

23  section 203 for all employees who have left Defendants' employ;

24     34.     For pre-judgment interest on any unpaid wages from the date such amounts were

25  due, or as otherwise provided by law;

26     35.     For attorneys' fees pursuant to California Code of Civil Procedure section

27  1021.5, or as otherwise provided by law; and

28     36.     For such other and further relief as the Court may deem equitable and

1  appropriate.

2  **As to the Sixth Cause of Action**

3  37.    That the Court declare, adjudge and decree that Defendants violated California

4  Labor Code section 204 by willfully failing to timely pay Plaintiff and class members minimum

5  wages and/or meal and rest period premiums during their employment;

6  38.    For all actual, consequential and incidental losses and damages, according to

7  proof;

8  39.    For statutory penalties according to proof pursuant to California Labor Code

9  section 210;

10  40.    For pre-judgment interest on any unpaid wages from the date such amounts were

11  due, or as otherwise provided by law;

12  41.    For attorneys' fees pursuant to California Code of Civil Procedure section

13  1021.5, or as otherwise provided by law; and

14  42.    For such other and further relief as the Court may deem equitable and

15  appropriate.

16  **As to the Seventh Cause of Action**

17  43.    That the Court declare, adjudge and decree that Defendants' conduct of failing

18  to provide Plaintiff and class members all minimum wages due to them, failing to provide

19  Plaintiff and class members all meal periods, failing to authorize and permit Plaintiff and class

20  members to take all rest periods, failing to provide Plaintiff and class members accurate and

21  complete wage statements, failing to maintain accurate payroll records for Plaintiff and class

22  members, failing to timely pay Plaintiff and class members all earned wages during

23  employment, and failing to provide written notice of material terms of employment, constitutes

24  an unlawful business practice in violation of California Business and Professions Code sections

25  17200, *et seq.*;

26  44.    For restitution of unpaid wages to Plaintiff and all class members and

27  prejudgment interest from the day such amounts were due and payable;

28  45.    For the appointment of a receiver to receive, manage, and distribute any and all

1  funds disgorged from Defendants and determined to have been wrongfully acquired by
2  Defendants as a result of violations of California Business & Professions Code sections 17200,
3  *et seq.*;

4  46.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to
5  California Code of Civil Procedure section 1021.5; and

6  47.    For such other and further relief as the Court may deem equitable and
7  appropriate.

8  **As to the Eighth Cause of Action**

9  48.    That the Court declare, adjudge and decree that Defendants' conduct of denying
10  Plaintiff and class members the statutory benefits guaranteed under section 226.7 constitutes an
11  unfair business practice in violation of California Business and Professions Code sections
12  17200, *et seq.*;

13  49.    For restitution of the statutory benefits under section 226.7 unfairly withheld
14  from Plaintiff and class members and prejudgment interest from the day such amounts were due
15  and payable;

16  50.    For the appointment of a receiver to receive, manage, and distribute any and all
17  funds disgorged from Defendants and determined to have been wrongfully acquired by
18  Defendants as a result of violations of California Business & Professions Code sections 17200,
19  *et seq.*;

20  51.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to
21  California Code of Civil Procedure section 1021.5;

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

CLASS ACTION COMPLAINT

EXHIBIT A - PAGE 32

1    52.    For pre-judgment and post-judgment interest as provided by law; and

2  For such other and further relief as the Court may deem equitable and appropriate.

3

4  Dated: September 14, 2022                    Respectfully submitted,

5                                                Capstone Law APC

6

7                                     By: _____

8                                          Bevin Allen Pike
                                            Daniel S. Jonathan
9                                          Trisha K. Monesi

10                                         Attorneys for Plaintiff Shania Cole

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Bevin Allen Pike (SBN: 221936); Daniel Jonathan (SBN: 262209); Trisha Monesi (SBN: 303512) Capstone Law APC 1875 Century Park East, Suite 1000, Los Angeles, CA 90067 TELEPHONE NO.: (310) 556-4811 FAX NO.: (310) 943-0396 ATTORNEY FOR *(Name)*: Plaintiff - Shania Cole | Electronically Filed by Superior Court of CA, County of Santa Clara, on 9/14/2022 2:01 PM Reviewed By: R. Walker Case #22CV403105 Envelope: 9963859 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Downtown Superior Court

CASE NAME:
Shania Cole vs. Lane Bryant, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 22CV403105 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: Eight (8)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 14, 2022

Bevin Allen Pike
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A - PAGE 34

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                **CIVIL CASE COVER SHEET**                Page 2 of 2

EXHIBIT A - PAGE 35

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE
***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: **22CV403105**

## PLEASE READ THIS ENTIRE FORM

***PLAINTIFF*** (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

***RULES AND FORMS:***   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

***CASE MANAGEMENT CONFERENCE (CMC):***  You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.***  *You may ask to appear by telephone – see Local Civil Rule 8.*

---

Your Case Management Judge is: Hon. Sunil R. Kulkarni                    Department: 1

The 1st CMC is scheduled for:  (Completed by Clerk of Court)
      Date: 02/02/23          Time: 2:30pm              in Department: 1

The next CMC is scheduled for:  (Completed by party if the 1st CMC was continued or has passed)
      Date:                      Time:                      in Department:

---

***ALTERNATIVE DISPUTE RESOLUTION (ADR):***  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 N. FIRST STREET
SAN JOSE, CA  95113–1090

Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 9/19/2022 12:43 PM
Reviewed By: R. Walker
Case #22CV403105
Envelope: 9997834

TO:    FILE COPY

RE:    __Cole v. Lane Bryant, Inc., et al.__ (Class Action)
CASE NUMBER:    **22CV403105**

## ORDER DEEMING CASE COMPLEX AND STAYING DISCOVERY
## AND RESPONSIVE PLEADING DEADLINE

WHEREAS, the Proposed Class Action Complaint was filed by Plaintiff **Shania Cole** ("Plaintiff") in the Superior Court of California, County of Santa Clara, on **September 14, 2022** and assigned to Department 1 (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni** presiding, pending a ruling on the complexity issue;

IT IS HEREBY ORDERED that:

The Court determines that the above-referenced case is **COMPLEX** within the meaning of California Rules of Court 3.400.  The matter remains assigned, for all purposes, including discovery and trial, to Department 1 (Complex Civil Litigation), the **Honorable Sunil R. Kulkarni** presiding.

The parties are directed to the Court's local rules and guidelines regarding electronic filing and to the Complex Civil Guidelines, which are available on the Court's website.

Pursuant to California Rules of Court, Rule 3.254, the creation and maintenance of the Master Service List shall be under the auspices of (1) Plaintiff **Shania Cole**, as the first-named party in the Complaint, and (2) the first-named party in each Cross-Complaint, if any.

Pursuant to Government Code section 70616(b), each party's complex case fee is due within ten (10) calendar days of this date.

Plaintiff shall serve a copy of this Order on all parties forthwith and file a proof of service within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service within ten (10) days of service of this Order.  Any response to the objection must be filed within seven (7) days of service of the objection.  The Court will make its ruling on the submitted pleadings.

The Case Management Conference remains set for **February 2, 2023 at 2:30 p.m. in Department 1** and all counsel are ordered to attend.

Counsel for all parties are ordered to meet and confer in person at least 15 days prior to the First Case Management Conference and discuss the following issues:

1. Issues related to recusal or disqualification;
2. Issues of law that, if considered by the Court, may simplify or further resolution of the case, including issues regarding choice of law;
3. Appropriate alternative dispute resolution (ADR), for example, mediation, mandatory settlement conference, arbitration, mini-trial;
4. A plan for preservation of evidence and a uniform system for identification of documents throughout the course of this litigation;
5. A plan for document disclosure/production and additional discovery, which will generally be conducted under court supervision and by court order;

-----
Updated on 3/11/21.

1

6. Whether it is advisable to address discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case (counsel should consider whether they will stipulated to limited merits discovery in advance of certification proceedings), allowing the option to complete discovery if ADR efforts are unsuccessful;
7. Any issues involving the protection of evidence and confidentiality;
8. The handling of any potential publicity issues;

Counsel for Plaintiff is to take the lead in preparing a Joint Case Management Conference Statement to be filed 5 calendar days prior to the First Case Management Conference, and include the following:

1. a brief objective summary of the case;
2. a summary of any orders from prior case management conferences and the progress of the parties' compliance with said orders;
3. significant procedural and practical problems that may likely be encountered;
4. suggestions for efficient management, including a proposed timeline of key events; and
5. any other special consideration to assist the court in determining an effective case management plan.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Case Management Conference Statement, the positions of each party or of various parties should be set forth separately and attached to this report as addenda. The parties are encouraged to propose, either jointly or separately, any approaches to case management they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues the early resolution of which may assist in moving the case toward effective ADR and/or a final disposition.

**STAY ON DISCOVERY AND RESPONSIVE PLEADING DEADLINE** Pending further order of this Court, the service of discovery and the obligation to respond to any outstanding discovery is stayed. However, Defendant(s) shall file a Notice of Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to the later filing of a motion to quash to contest jurisdiction. Parties shall not file or serve responsive pleadings, including answers to the complaint, motions to strike, demurrers, motions for change of venue and cross-complaints until a date is set at the First Case Management Conference for such filings and hearings.

This Order is issued to assist the Court and the parties in the management of this "Complex" case through the development of an orderly schedule for briefing and hearings. This Order shall not preclude the parties from continuing to informally exchange documents that may assist in their initial evaluation of the issues presented in this Case.

Plaintiff shall serve a copy of this Order on all the parties in this matter forthwith.

SO ORDERED.

Date: _____ September 16, 2022

Hon. Sunil R. Kulkarni
Judge of the Superior Court

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line, (408) 882-2690 or the Voice/TDD California Relay Service, (800) 735-2922.

Updated on 3/11/21.

2