UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANIA COLE,<br><br>   Plaintiff,<br><br>  v.<br><br>LANE BRYANT, INC., et al.,<br><br>   Defendants. | Case No. 22-cv-06714-PCP<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Re: Dkt. No. 30 |

Plaintiff Shania Cole moves for preliminary approval of a class settlement in this employment lawsuit against Lane Bryant Brands OPCO LLC. For the reasons that follow, the motion is denied without prejudice.

## BACKGROUND

Cole was a stylist for Lane Bryant from approximately June 2021 to June 2022. She worked three to four days per week for four to six hours per day greeting customers, assisting customers with shopping needs, cleaning the store, disinfecting fitting rooms, and cashiering. Dkt. No. 29, at 8.

In the operative September 2022 complaint, Cole asserted violations of various California labor laws. Cole alleges that Lane Bryant failed to pay minimum wages earned, failed to provide compliant rest and meal breaks, failed to provide accurate wage statements, failed to timely pay wages upon termination, willfully failed to pay wages, and engaged in unlawful and unfair business practices. Cole filed a notice letter with the Labor and Workforce Development Agency on October 10, 2022 alleging various Labor Code violations by Lane Bryant.

After the operative complaint was filed, the parties engaged in discovery and one round of mediation, on October 27, 2023, before reaching the proposed settlement. Dkt. No. 30-1, at 3, 24.

1    The parties entered into a signed memorandum of understanding on October 27, 2023. *Id.*

2    On October 10, 2024, the parties jointly moved to amend Cole's complaint to add (1) a claim under California's Private Attorneys General Act (PAGA), and (2) an additional California labor law claim based on unpaid overtime. Dkt. No. 29. On the same date, the parties also moved for preliminary approval of a class action and PAGA settlement, conditional certification of the settlement classes, appointment of class representatives and counsel, and approval of class notices. Dkt. No. 30. The filing included a copy of the class action settlement agreement and release. Dkt. No. 30-1. The Court ordered the parties to provide supplemental briefing addressing several issues. Dkt. No. 36. Cole submitted her supplemental brief on December 2, 2024, Dkt. No. 37, and the Court heard argument on the motion for preliminary approval on December 12, 2024.

Under the terms of the settlement, defendant will contribute a total gross amount of $1,150,000. The parties propose allocating $10,000 of that amount as an incentive payment to Cole; $646,666.67 to the class members; $15,000 to the aggrieved employees (the "PAGA Member Payment"); $45,000 to the Labor & Workforce Development Agency (LWDA); $383,333.33 to attorney's fees and $25,000 to attorney's expenses; and $25,000 to settlement administration costs.

Cole requests certification of a class including any person who worked for Lane Bryant as a non-exempt, hourly employee in the State of California at any time from January 1, 2021, through and including the earlier of: (i) January 25, 2024 or (ii) the Date of Preliminary Approval, and who does not timely opt-out of the Settlement (termed "Class Members"). The settlement defines "PAGA Members" to include any person who worked for Lane Bryant as a non-exempt, hourly employee in California at any time from August 22, 2022, through the earlier of: (i) January 25, 2024 or (ii) the Date of Preliminary Approval ("PAGA Period").

For individuals who are within the class and do not opt out, the proposed settlement includes a release of all federal and state law claims that were or could have been pleaded based on the factual allegations in the first amended complaint or any prior complaint. The aggrieved employees are required to release all claims under PAGA for all California Labor Code violations that were pleaded in the first amended complaint or any prior complaint.

1    There are approximately 1,435 Class Members and approximately 850 PAGA Members.
2 All PAGA Members are also Class Members. Plaintiff predicts the opt-out rate to be less than 3%
3 and expects the average net recovery to be approximately $470.

**LEGAL STANDARD**

While "[t]he Ninth Circuit has a strong judicial policy that favors settlements in class actions," *Hudson v. Libre Technology, Inc.*, 2019 WL 5963648, at *3 (S.D. Cal. Nov. 13, 2019), district courts must carefully "scrutinize pre-class certification settlements," as there is a risk of collusion between the defendant and class counsel to settle "without devoting substantial resources to the case." *Briseño v. Henderson*, 998 F.3d 1014, 1023–24 (9th Cir. 2021). "Approval of a settlement is a two-step process. Courts first 'determine whether a proposed class action settlement deserves preliminary approval [including conditional class certification] and then, after notice is given to class members, whether final approval is warranted.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 229 F. Supp. 3d 1052, 1062 (N.D. Cal. 2017) (quoting *In re High-Tech Employee Antitrust Litig.*, 2014 WL 3917126, at *3 (N.D. Cal. Aug. 8, 2014)).

Rule 23 requires district courts to ensure that any class settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e). In making this determination, a court must consider whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other." *Id.*

Similarly, under PAGA, "court[s] shall review and approve any settlement of any civil action filed pursuant to [PAGA]," Cal. Labor Code § 2699(l)(2), because a plaintiff who brings a PAGA claim "does so as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). Accordingly, "a number of district courts have

3

1 applied a Rule 23-like standard, asking whether the settlement of the PAGA claims is
2 'fundamentally fair, adequate, and reasonable in light of PAGA's policies and purposes.'"
3 *Haralson v. U.S. Aviation Servs. Corp.*, 383 F. Supp. 3d 959, 972 (N.D. Cal. 2019) (quoting
4 *Jordan v. NCI Grp., Inc.*, No. EDCV161701JVSSPX, 2018 WL 1409590, at *2 (C.D. Cal. Jan. 5,
5 2018)).

## ANALYSIS

**I.     Cole's defense of the PAGA settlement is premised on incorrect calculations.**

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429 (9th Cir. 2015) (quoting *Iskanian v. CLS Transportation Los Angeles*, *LLC*, 59 Cal. 4th 348, 360 (2014)). "PAGA provides that the penalties are generally $100 for each aggrieved employee per pay period for the initial violation and $200 per pay period for each *subsequent* violation." *Id.* at 429 (quoting *Iskanian*, 59 Cal. 4th at 379, and citing Cal. Lab. Code § 2699(f)(2)) (emphasis added).

The parties plan to allocate $60,000 from the Gross Settlement Amount for resolution of the PAGA claim based on their estimate that the defendant's potential PAGA exposure is approximately $3,500,000 (35,000 violative pay periods × $100). The parties, however, have artificially lowered the total potential value of the PAGA claim by not including the $200 subsequent violation penalty.

> Under California law, "[a] good faith dispute" that an employer is required to comply with a particular law "will preclude imposition" of [the] heightened [$200] penalt[y]. *Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 78 Cal. Rptr. 3d 572, 607 (2008). "A 'good faith dispute' ... occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recover[y] on the part of the employee." *Id.*

*Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127, 1144 (9th Cir. 2021). Here, no such dispute exists. While Lane Bryant disputes that it violated the identified Labor Code provisions in the manner alleged and contends it was unaware of any violations that might have occurred, it does not

United States District Court
Northern District of California

4

1  dispute that Cole's employment was subject to those provisions. The circumstances here are
2  therefore fundamentally different from those presented in the cases cited by the parties in support
3  of their estimate. *See Gunther v. Alaska Airlines, Inc.*, 72 Cal. App. 5th 334, 340 (2021) (noting
4  defendant's contention that federal law preempted any application of California employment laws
5  to the employees at issue); *Bernstein*, 3 F.4th at 1133 ("Virgin disputes that it is subject to
6  California law[.]"); *see also Amaral v. Cintas Corp. No. 2*, 163 Cal.App.4th 1157, 1173 (2008)
7  (noting defendant's argument that municipal living wage ordinance was unconstitutional and
8  therefore inapplicable to its employees). The parties have cited no California authorities
9  suggesting that the "subsequent" violation penalty should not be applied to subsequent violations
10 of Labor Code provisions that the defendant admits were fully applicable to the employees at
11 issue.

12  Because it omits any penalties for "subsequent" violations, plaintiffs' estimate of Lane
13  Bryant's total potential PAGA exposure is incorrect. If properly calculated with the $200
14  subsequent violation fees, the proposed settlement represents under 1% of the total potential value
15  of the PAGA claim.

16  "In this district, courts have raised concerns about settlements of less than 1% of the total
17  value of a PAGA claim." *Jennings v. Open Door Mktg., LLC*, No. 15-CV-04080-KAW, 2018 WL
18  4773057, at *9 (N.D. Cal. Oct. 3, 2018) (citing *Viceral*, 2016 WL 5907869, at *9). "In approving
19  PAGA settlements accounting for less than one percent of the claims' value, courts have identified
20  a number of factors that might support a lesser recovery." *Haralson v. U.S. Aviation Servs. Corp.*,
21  383 F. Supp. 3d 959, 973 (N.D. Cal. 2019). "First, courts have taken into account LWDA's views,
22  or lack thereof, on the settlement." *Id.* "Second, courts have considered whether they would be
23  likely to exercise their discretion under California Labor Code § 2699(e)(2) to reduce the amount
24  of PAGA penalties, were those claims to be litigated through judgment." *Id.* "Third, courts have
25  considered whether the settlement provides additional non-monetary relief." *Id.* at 974. "Finally,
26  some courts have concluded that a lower PAGA settlement is permissible where the Rule 23
27  settlement is 'relatively substantial' based on the circumstances of the case." *Id.* (quoting *Viceral
28  v. Mistras Grp., Inc.*, No. 15-CV-02198-EMC, 2016 WL 5907869, at *9 (N.D. Cal. Oct. 11,

2016)).

Beyond noting that the LWDA has not yet objected to the settlement, the parties have not addressed whether the other relevant factors warrant approval of a PAGA settlement representing less than 1% of the total claim value—likely due to their erroneous calculation of the claim's potential value. Without further information regarding these factors the Court cannot determine whether the parties' settlement of the PAGA claim warrants preliminary approval. And because "the district court … [does not] have the ability to delete, modify or substitute certain provisions" and "[t]he settlement must stand or fall in its entirety," *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (internal citations and quotations omitted), the Court's inability to evaluate the propriety of the PAGA claim settlement precludes the Court from approving any other aspect of the settlement. The motion for preliminary approval is therefore denied without prejudice.

**IT IS SO ORDERED.**

Dated: February 10, 2025

P. Casey Pitts
United States District Judge