1  Raul Perez (SBN 174687)
   Raul.Perez@capstonelawyers.com
2  Bevin Allen Pike (SBN 221936)
   Bevin.Pike@capstonelawyers.com
3  Daniel Jonathan (SBN 262209)
   Daniel.Jonathan@capstonelawyers.com
4  Trisha K. Monesi (SBN 303512)
   Trisha.Monesi@capstonelawyers.com
5  CAPSTONE LAW APC
   1875 Century Park East, Suite 1860
6  Los Angeles, California 90067
   Telephone:    (310) 556-4811
7  Facsimile:    (310) 943-0396

8  Attorneys for Plaintiff Shania Cole

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANIA COLE, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>vs.<br><br>LANE BRYANT, INC., a Delaware corporation; LANE BRYANT BRANDS OPCO LLC, an Ohio limited liability company; LANE BRYANT #6243, INC., a Florida corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 5:22-cv-06714-PCP<br><br>Assigned to the Hon. P. Casey Pitts<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF AMENDED CLASS ACTION AND PAGA SETTLEMENT**<br><br>Date:     November 20, 2025<br>Time:    10:00 a.m.<br>Place:    Courtroom 8 |

**ORDER**

This matter came before the Court for a hearing on the Motion for Final Approval of the Amended Class Action and PAGA Settlement and Motion for Attorneys' Fees, Costs, and a Class Representative Incentive Payment (collectively, the "Motions"). Due and adequate notice having been given to Class Members as required by the Court's Preliminary Approval Order, and the Court having reviewed the Motions, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and **GOOD CAUSE** appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the requirements of F.R.C.P. 23(e) have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Amended Class Action and PAGA Representative Action Settlement Agreement (collectively, "Settlement Agreement" or "Settlement"), together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all Participating Class Members and PAGA Members.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California and due process. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement are bound by this Order.

6. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court

finds that the settlement was reached following meaningful discovery and investigation conducted by Plaintiff's Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

7.  In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8.  Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

9.  The Settlement Agreement is not an admission by Defendant or by any other Released Party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other Released Party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, waiver of defenses, or liability whatsoever by or against Defendant or any of the other Released Parties.

10. Final approval shall be with respect to: Any person who worked for Defendant as a non-exempt, hourly employee in the State of California at any time from January 1, 2021 through January 25, 2024.

11. Plaintiff Shania Cole is an adequate and suitable representative and is hereby appointed the Class Representative for the Settlement Class. The Court finds that Plaintiff's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that her interests are aligned with those of the Settlement Class.

12. The Court finds that the attorneys at Capstone Law APC have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court therefore finds that counsel satisfy the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints Capstone Law APC as counsel for the Settlement Class.

13. The settlement of civil penalties under PAGA in the amount of $150,000 is hereby approved. Seventy-Five Percent (75%), or $112,500, shall be paid to the California Labor and Workforce Development Agency. The remaining Twenty-Five Percent (25%), or $37,500, will be paid to PAGA Members.

14. The Court approves settlement administration costs and expenses in the amount of $14,500 to CPT Group, Inc.

15. All Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order and Judgment shall be forever binding on all Class Members. These Participating Class Members have released and forever discharged the Released Parties for any and all Released Class Claims during the Class Period from January 1, 2021, through January 25, 2024:

> All claims, obligations, demands, rights, causes of action, and liabilities against Defendant and Released Parties that have been asserted in the Complaint and the First Amended Complaint, or that could reasonably have been asserted in the Complaint or the First Amended Complaint, and any amendments thereto, based on the facts, matters, and/or allegations pled therein. Released Class Claims include, but is not limited to, claims under Labor Code sections 201, 202, 203, 204, 210, 226, 226.3 226.7, 510, 512, 516, 1174, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2810.5, and Business and Professions Code § 17200, *et seq.*, including, but not limited to, claims for failure to pay minimum wages, failure to pay overtime wages, including at the regular rate, failure to provide meal periods and/or pay meal period premiums, failure to authorize and permit rest periods and/or pay rest period premiums, failure to provide accurate or otherwise compliant wage statements, failure to maintain payroll records, failure to timely pay wages during

employment, failure to timely pay wages upon termination, failure to provide notice under California's Wage Theft Prevention Act, and violations of California's Unfair Competition Law, including unfair and unlawful business practices, and includes all such claims during the Class Period.

16. Additionally, all PAGA Members and the LWDA have released and forever discharged the Released Parties for any and all Released PAGA Claims during the PAGA Period from August 22, 2022, through January 25, 2024:

> All claims, obligations, demands, rights, causes of action, and liabilities against Defendant and Released Parties, for PAGA civil penalties that have been asserted in the First Amended Complaint and/or the PAGA letter to the LWDA, and any amendments thereto, or that could reasonably have been asserted in the First Amended Complaint, the PAGA letter to the LWDA, and any amendments thereto, based on the facts, matters and/or allegations pled therein. Released PAGA Claims include, but is not limited to, claims for PAGA civil penalties for violations of Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 256, 510, 558, 512, 516, 1174, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable IWC wage orders, including, but not limited to, claims for failure to pay minimum wages, failure to pay overtime wages, including at the regular rate, failure to provide meal periods and/or pay meal period premiums, failure to authorize and permit rest periods and/or pay rest period premiums, failure to provide accurate or otherwise compliant wage statements, failure to maintain payroll records, failure to timely pay wages during employment, failure to timely pay wages upon termination, and failure to provide suitable seating when the nature of the work reasonably permits the use of seats and when employees are not engaged in the active duties of employment and the nature of the work requires standing, and includes all such claims during the PAGA Period.

17. Without affecting the finality of the Order, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the parties for purposes of enforcing the terms of the Order and the Settlement.

**IT IS SO ORDERED.**

Dated: December 29, 2025

Hon. P. Casey Pitts
United States District Court Judge